[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14576

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00057-CR-RWS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ZANADA AMELIA MOSES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 21, 2010)

Before HULL, MARTIN and FAY, Circuit Judges.

PER CURIAM:

After pleading guilty, Zanada Amelia Moses appeals her 63-month

concurrent sentences for importation of heroin, in violation of 21 U.S.C. §§ 952

and 960(a)(1), (b)(2)(A), and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(i). On appeal, Moses challenges the district court's computation of her criminal history score under the Sentencing Guidelines. After review, we affirm.

In January 2009, Moses arrived at Hartsfield/Jackson International Airport on a flight from Panama. During a pat down search, U.S. Customs and Border Patrol officers discovered Moses had five packages of heroin, totaling 988 grams, hidden on her body. Moses told authorities she was promised $20,000 to smuggle the heroin from Panama to Baltimore, Maryland. Moses was charged with, and pled guilty to, one count of importation of heroin and one count of possession with intent to distribute heroin.

In calculating Moses's criminal history score, the Presentence Investigation Report ("PSI") assigned one point for a May 2003 assault conviction in Maryland and one point for an August 2006 theft conviction in Maryland. As to the 2006 theft conviction, Moses was caught stealing clothing from a JCPenney store in Baltimore, Maryland. Moses's two criminal history points resulted in a criminal history category of II, which, with a total offense level of 27, yielded an advisory guidelines range of 78 to 97 months' imprisonment. The statutory mandatory minimum for both counts was five years in prison.

Moses objected to assigning one criminal history point for the 2006 theft conviction, arguing that the theft conviction was an "uncounseled conviction" obtained in violation of her Sixth Amendment right to counsel. Moses stressed that, without the criminal history point for the theft conviction, her criminal history category became I, making her eligible for a safety-valve reduction, pursuant to U.S.S.G. § 5C1.2. Moses also sought a minor-role reduction, pursuant to U.S.S.G. § 3B1.2.

At the sentencing hearing, the district court listened to audio recordings of the proceedings in the Maryland District Court and reviewed court records relating to Moses's theft conviction. According to this evidence, Moses pled guilty to the theft charge without counsel and was sentenced to "probation before judgment," with probation for one day "commencing today, to be unsupervised." Moses was also assessed a $100 fine (which she had to pay that day) and was ordered to "stay out of all JCPenney Stores."

The district court found that Moses did not knowingly waive counsel during the Maryland District Court proceedings. Nonetheless, the district court overruled Moses's objection to the assignment of one criminal history point for the theft conviction, concluding that the Sixth Amendment did not apply to Moses's Maryland theft conviction. The district court granted Moses's request for a two-

level minor-role reduction, which reduced her offense level to 25 and resulted in an advisory guidelines range of 63 to 78 months' imprisonment. The district court imposed concurrent 63-month sentences on each count, at the low end of the advisory guidelines.[1]

On appeal, Moses claims that she was entitled to counsel under the Sixth Amendment during her Maryland District Court proceedings and, thus, her uncounseled theft conviction was void and could not be counted for purposes of calculating her criminal history score under the guidelines. Moses argues that the mere threat of incarceration in a future probation revocation proceeding entitled her to counsel.

The government, on the other hand, argues that the Sixth Amendment did not apply to Moses's theft conviction because Moses did not receive an imprisonment sentence, but only a stand-alone probation sentence. See Alabama v. Shelton, 535 U.S. 654, 662, 122 S. Ct. 1764, 1770 (2002) (concluding that defendant's sentence of thirty days in jail, suspended with defendant placed on two years' unsupervised probation, conditioned on payment of restitution of $516.69, reparations of $25, a fine of $500 and court costs constituted an

---

[1]The government has not appealed the district court's minor-role reduction or its finding that Moses did not knowingly waive counsel in the Maryland theft proceedings.

4

imprisonment sentence triggering the right to counsel). The government asks this Court to follow Fourth and Fifth Circuit decisions, which hold no right to counsel attaches under Shelton to stand-alone probation sentences of one year and three years, respectively. See United States v. Pollard, 389 F.3d 101, 105-06 (4th Cir. 2004) (one-year supervised probation sentence), cert. denied, 544 U.S. 912, 125 S. Ct. 1618 (2005); United States v. Perez-Macias, 335 F.3d 421, 427-28 (5th Cir.) (three-year unsupervised probation sentence), cert. denied, 540 U.S. 994, 124 S. Ct. 495 (2003). Moses asks us to follow the dissent in the Fourth Circuit's decision in Pollard. See Pollard, 389 F.3d at 106-111 (Titus, J., dissenting).

Here, Moses was sentenced to a $100 fine (which was paid) and only one day of unsupervised probation that commenced immediately. Under the particular facts of Moses's case, her probation sentence began and effectively ended the same day. Therefore, there was no realistic threat of incarceration in future probation revocation proceedings. Accordingly, we need not, and do not, resolve the above Shelton issue addressed by the Fourth and Fifth Circuits. Rather, we conclude that Moses has not shown that her Maryland theft conviction violated the Sixth Amendment or that the district court erred in counting her Maryland theft conviction in computing her criminal history score.

**AFFIRMED.**

5